UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


GREGG WYNNE, ET AL.                                    CIVIL ACTION


VERSUS                                                 NO. 17-3230


BP EXPLORATION & PRODUCTION,              SECTION: H(4)
INC. ET AL.


## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Doc. 46) filed by
Defendants BP America Production Company, BP Exploration & Production,
Inc., BP p.l.c., Halliburton Energy Services, Inc., Transocean Deepwater, Inc.,
Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc.
(collectively, "BP Parties"). For the following reasons, this Motion is
**GRANTED**.


## BACKGROUND

This case is one among the "B3 bundle" of cases arising out of the
*Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury
and wrongful death due to exposure to oil and/or other chemicals used during
the oil spill response (e.g., dispersant)."[2] These cases were originally part of a
multidistrict litigation ("MDL") pending in the Eastern District of Louisiana
before Judge Barbier. During this MDL, Judge Barbier approved the

---

[1] *See* In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20,
2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).
[2] *Id.*

*Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] This case was reassigned to Section H.[5]

Plaintiffs Gregg and Monette Wynne individually and on behalf of their minor children, Minor GW, Minor MW and Minor RW ("the Wynnes") allege continuous exposure to harmful substances and chemicals around their residence in Santa Rosa Beach, Florida, beginning in April of 2010, as a result of the oil spill and subsequent cleanup efforts.[6] Plaintiffs claim to suffer from a variety of health complaints.[7] Plaintiffs assert claims under the general maritime law of negligence, gross negligence, willful misconduct, and medical monitoring, as well as fraudulent concealment,  negligence per se, nuisance, battery, loss of consortium, and medical monitoring under Florida law with respect to the spill and its cleanup.[8]

Now before the Court is Defendants' Motion for Summary Judgment.[9] The BP Parties argue that Plaintiffs have failed to produce sufficient evidence to prove that exposure to oil or dispersants caused their alleged injuries.[10] To date, Plaintiffs have filed no opposition to the BP Parties' motion.

---

[3] *Id.* at 2 n.3.
[4] *Id.* at 7–8.
[5] *See* Doc. 43.
[6] *See* Doc. 1.
[7] Doc. 46-1 at 3.
[8] *See* Doc. 1 at 26–61.
[9] *See* Doc. 46.
[10] *Id.* at 1.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[13] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[14] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[15] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[16] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[11] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[13] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

[14] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[15] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[16] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[17] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[18]

## LAW AND ANALYSIS

Defendants move for summary judgment on the grounds that Plaintiffs cannot prove that exposure to oil or dispersants was the legal cause of their alleged injuries.[19] The BP Parties argue that Plaintiffs cannot do so because they have produced no expert testimony to support their claims, and in a toxic tort case such as this, expert testimony as to causation is required.[20]

Having filed no opposition, Plaintiffs provide no response to this argument. However, "[a] motion for summary judgment cannot be granted simply because there is no opposition."[21] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[22]

Plaintiffs have the burden of proving causation. "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."[23] "Under the general maritime law, a party's negligence is actionable only if it is a 'legal cause' of the plaintiff's injuries. [L]egal cause is something more than 'but for' causation, and the

---

[17] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[18] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[19] *See* Doc. 46 at 1.

[20] *See* Doc. 46-1 at 5.

[21] Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[22] *Hibernia Nat. Bank*, 776 F.2d at 1279.

[23] *In Re: Oil Spill*, No. 10-md-02179, R. Doc. 26924 at 4.

negligence must be a 'substantial factor' in the injury."[24] In general, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."[25] Here, the causal connection between exposure to oil or dispersants and Plaintiffs' injuries are not within the common knowledge of a layperson. "In a toxic tort suit such as this one, the plaintiff must present admissible expert testimony to establish general causation as well as specific causation."[26]

Plaintiffs' deadline for expert disclosures and reports was September 21, 2022.[27] Plaintiffs neither met this deadline nor moved for its extension. Additionally, to date, Plaintiffs have failed to oppose Defendants' motion or put forth any evidence of causation. Therefore, Plaintiffs cannot prove a necessary element of their claims against Defendants, and their claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 46) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 4th day of November, 2022

---

[24] Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992) (internal quotations omitted).
[25] Lassiegne v. Taco Bell Corp., 202 F. Supp. 2d 512, 524 (E.D. La. 2002); *see* Pfiffner v. Correa, 643 So. 2d 1228, 1234 (La. 1994).
[26] Seaman v. Seacor Marine LLC, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd sub nom.* Seam v. Seacor Marine L.L.C., 326 Fed. Appx. 721 (5th Cir. 2009); *see also* Banegas v. BP Expl. & Prod., Inc., No. 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019); Williams v. BP Expl. & Prod., Inc., No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019).
[27] *See* Doc. 45.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**